UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TRAN DANG MINH,                                                          07-465-TC

                                    Petitioner,

            v.                                    FINDINGS AND RECOMMENDATION

GUY HALL,

                           Respondent.
_____

COFFIN, Magistrate Judge:

            Petitioner Tran Dang Minh was convicted of five criminal counts in Oregon state court in

1983. He is currently on active parole until 2032 and is represented by counsel in this 28 U.S.C. §

2254 federal habeas petition. He challenges the Oregon Board of Parole and Post-Prison

Supervision's (Board) finding in a September 15, 2005 Board Action Form (BAF)#22, which

revoked his parole for sixty months. (Doc. 19, Ex. 102.[1]) His Amended Petition, filed September

12, 2007, alleges three grounds for relief: (1) violation of the U.S Constitution's ex post facto clause

_____

            [1]Exhibit 102 is lengthy. The court cannot provide a page number for BAF # 22, which
approximately 2/3 of the way through exhibit 102, because the exhibit is not paginated.

Page 1 - FINDINGS AND RECOMMENDATION

when the Board retroactively applied statutes and rules to increase petitioner's burden of persuasion; (2) violation of the U.S. Constitution's ex post facto clause when the Board retroactively applied statues and rules to create a sufficient risk of increased punishment; and (3) violation of the U.S. Constitution's due process clause when the Board denied petitioner's liberty interest in parole discharge. (Doc. 12 p. 3.) Respondent argues that the court should dismiss grounds two and three of the Amended Petition because petitioner has procedurally defaulted those grounds. (Doc. 49.) Respondent contends that petitioner is not entitled to relief on ground one because it was correctly decided in a state court decision. (Id.) For the reasons that follow, I find that petitioner defaulted grounds two and three of his Amended Petition and that he is not entitled to relief on ground one. Accordingly, I recommend that the court deny the writ and dismiss the case.

## Background

In April 1983, petitioner pled guilty to two counts of first-degree robbery, two counts of first-degree burglary, and one court of third-degree assault. (Doc. 19, Ex. 101.) The court sentenced him to indeterminate consecutive sentences totaling forty-five years. (Id.) Approximately ten years later, in March 1993, petitioner was released to parole in California. (Doc. 19, Ex. 103, p. 75.) His minimum period of supervision was "to be 12 months. Discharge of parole prior to sentence expiration date depends on approval by the board of parole following a favorable recommendation from the parole officer." (Id.)

Five years later, in January 1998, the Board revoked petitioner's parole after he received a criminal conviction in California. (Doc. 19, Ex. 103 at 77.) The Board ordered a six-month incarceration sanction, with re-release in May 1998. (Id. at 78, 81.) Petitioner challenged the Board action through administrative review, claiming that the Board "did not have the authority

Page 2 - FINDINGS AND RECOMMENDATION

to find him in violation of his parole because he was only required to serve 12 months of his parole, and the violations occurred more than 12 months after [petitioner] was released on parole." (Id. at 81.)  The Board denied petitioner's claim, explaining that petitioner was required to serve a "minimum of 12 months active parole...[and] [h]e remained on parole after the 12-month period because the Board never received a recommendation for discharge from the parole officer." (Id. at 81-82 (emphasis added.))  Thus, the Board never ordered discharge and petitioner was still on parole when he was convicted of his new California crimes. (Id.) Petitioner had sixty days to appeal the Board's order to the Oregon Court of Appeals; however the record reflects that he did not appeal it. (Doc. 19, Ex. 103.)

Approximately four years later, in August 2002, the Board revoked petitioner's parole a second time for failure to report as required and for refusing to allow his parole officer to visit his home or workplace. (Doc. 19, Ex. 103 at 83.) Petitioner was incarcerated for ninety days and re-released in October 2002. (Id. at 96.) At the hearing on these violations, petitioner stated that he was under the impression that he was only on one-year parole and expressed surprise that he would remain on parole until at least 2032. (Id. at 95.)  The Board noted in additional findings that petitioner's conditions of supervision "remain as previously imposed; minimum active supervision period to be 12 months pursuant to ORS 144.085." (Id. at 85.)  The record shows that petitioner did not file an administrative appeal regarding this decision. (Doc, 19, Ex. 103.)

Approximately two years later, on April 1, 2004, petitioner sent a letter to the Board asking that the Board discharge his parole. (Doc. 19, Ex. 103 at 116.) Petitioner noted that he believed that he only had one year of parole, which ended in November 2003. (Id.) He had also written to the Board in December 2003 to ask for a parole discharge and to inform his parole

Page 3 - FINDINGS AND RECOMMENDATION

officer that he was working construction and moving to a new place. (Id. at 117.) It appears that

petitioner's April 2004 letter was motivated by being told during a traffic stop that he had an

warrant from Oregon for a parole violation.  (Id.)

A month later, in March 2004, petitioner was arrested pursuant to the April 2004 traffic

stop. (Doc. 19, Ex. 103 at 108, 109.)  The Board ordered his parole revoked on May 11, 2004,

and scheduled a future disposition hearing for September 15, 2004.  (Id. at 109, 112.) At the

September 2004 hearing, the Board remanded petitioner to prison for sixty months with a release

date of April 7, 2009.  (Doc. 19, Ex. 102.)  It is this Board action which petitioner appeals in this

federal habeas petition.

## Discussion

A prisoner seeking habeas relief under 28 U.S.C. § 2254 must establish that he is in

custody pursuant to a state court judgment. 28 U.S.C. § 2254(a). Here, petitioner has established

that he meets the in custody requirement.  He was on parole at the time he filed his federal habeas

petition–indeed he will remain on active parole until 2032.  A person on parole at the time that he

files his federal habeas petition is considered to be in custody. Jones v. Cunningham, 371 U.S.

236, 240-43 (1963).

Another prerequisite to federal habeas relief is the exhaustion of remedies available in

state court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) In other words, a prisoner must

give the state courts a full and fair opportunity to consider and resolve his federal claims, before

raising the claim in federal court. Park v. Cal., 202 F.3d 1146, 1150 (9th Cir. 2000).  In most

circumstances, a prisoner who fails to exhaust his claims in state court forfeits his right to present

his claims in a federal habeas proceeding. Id.

Respondent argues that petitioner has not exhausted claims two and three of his federal habeas petition by presenting them to Oregon's highest court, and, therefore, these claims are barred. Petitioner counters that his presentation to the Oregon Court's was "all about its failure to discharge his parole." (Doc. 44, at 3.) Moreover, he contends that the crux of his second and third claims is that the Board lacked subject matter jurisdiction and asserts that an argument concerning jurisdiction is not barred from collateral review because it could not have previously been advanced.

Subject matter jurisdiction is "[j]urisdiction over the nature of the case and type of relief sought." BLACK'S LAW DICTIONARY 352 (Pocket ed. 1996). Here, the Board acquired jurisdiction over petitioner under ORS 144.050 (1981) which provided:

> Subject to applicable laws, the State Board of Parole may authorize any inmate, who is committed to the legal and physical custody of the Corrections Division to go upon parole subject to being arrested and detained under written order of the board or as provided in ORS 144.350. The state board may establish rules and regulations applicable to parole.

ORS 144.050 (1981). When considering the limits of the parole board's jurisdiction over a parolee, the Oregon Court of Appeals stated "we reject [the] premise [that if the board failed to follow the proper procedure in extending a parolee's term, the parole automatically terminated and the board was without further jurisdiction]....the outside boundary of the board's authority is based on the length of the sentence. It is clear that [Oregon Statutes] require discharge only when a parolee's sentence expires." Haskins v. Palmateer, 186 Or. App. 159, 165 (Or. App. 2003). Under Haskins, the Board has jurisdiction over petitioner until the end of his forty-five year sentence, which is in 2032. Accordingly, the board had subject matter jurisdiction to extend petitioner's active parole beyond the one-year minimum. I reject petitioner's argument that

Page 5 - FINDINGS AND RECOMMENDATION

grounds two and three of his federal habeas petition are jurisdictional and cannot be waived.

With regard to procedural default, I find that petitioner has defaulted on his second and third claims for relief. A review of the record establishes that the board denied BAF #22 (the subject of petitioner's current habeas claims) on June 6, 2005. (Doc. 19, Ex. 102.) The Board decision noted that petitioner alleged that the Board violated its own regulations, and state and federal laws when it extended his active parole and did not discharge his parole. (Id.) The Board noted that the only action taken in BAF #22 was to establish the length of petitioner's revocation and that the extension of petitioner's active parole and discharge of his parole involved actions taken by the Board in orders other than BAF #22. (Id.) It therefore declined to review those allegations. (Id.) Moreover, petitioner's November 2006 petition to the Oregon Supreme Court did not include arguments that the Board violated his right to be free from ex post facto laws when it applied statutes enacted after his conviction when denying his discharge; nor did it include a claim that the Board's denying him parole violated his due process rights. (Doc. 19, Ex. 111.)

Despite petitioner's assertion that his appeals to Oregon's highest court were "all about [the Board's] failure to discharge his parole," it is obvious from the record that his second and third federal habeas claims were not presented to the Oregon Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004)(a petitioner does not fairly present when the court has to read beyond the brief to find material on the federal issue). Accordingly, I find these claims are procedurally defaulted and precluded from review in this federal habeas action.

This leaves petitioner's first claim for relief: that the Board violated the ex post facto clause by deciding his case with only two members instead of four, as was the rule when he

Page 6 - FINDINGS AND RECOMMENDATION

committed his crime. Federal habeas relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

To violate the ex post facto clause, a regulation must be applied retroactively and it must create a sufficient risk of increasing the punishment attached to a petitioner's crimes. Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003). In Butler v. Board of Parole, the Oregon Court of Appeals concluded that regulations reducing the size of the Board did not create a sufficient risk of increased punishment and, therefore, did not violate the ex post facto clause. Id. 194 Or. App. 164 (2004). The Ninth Circuit has determined that this decision was not contrary to or an unreasonable application of Supreme Court precedent. Wrenn v. Oregon Bd of Parole and Post-Prison Supervision, 2009 WL 514346 (9th Cir. March 2, 2009). Accordingly, petitioner is not entitled to relief on ground one of his federal habeas petition.

## Conclusion

I find that claims two and three of petitioner's federal habeas petition are procedurally defaulted. I find that petitioner is not entitled to relief on ground one of his claim because the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent. I recommend that this Court deny petitioner's habeas claim and dismiss it with prejudice.

Page 7 - FINDINGS AND RECOMMENDATION

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review

of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this ___25ᵗ___ day of March, 2010.

_____

THOMAS M. COFFIN
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION